UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
FELONY BRANCH

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>Phillip Mace | Judge: Honorable Rosemary Collyer<br>Case Number: CR -06-276-01(RMC)<br>Sentencing Date: March 9, 2007<br>Courtroom: 2 |

**MEMORANDUM IN AID OF SENTENCING**

On March 9, 2007, Mr. Phillip Mace will be sentenced for the crime of Interstate Transportation of Stolen Property {18 USC § 2314}, a crime which occurred on March 25, 2006. In an effort to fully inform the court as to the appropriate sentence for Mr. Mace, the defendant, by and through counsel, offers the following facts:

1. On November 3, 2006 Mr. Mace entered a plea of guilty to the charge of Interstate Transportation of Stolen Property . He did this voluntarily and in full knowledge of his right to a trial on the matter. Nevertheless, in waiving his constitutional rights, he admitted his wrong doing and has taken full responsibility for his actions.

2. The pre-sentence report prepared by Renee Moses Gregory addresses numerous aspects of Mr. Mace's life and this counsel and Mr. Mace would like to elaborate and provide additional documentation to the veracity of his situation before sentencing.

3. The pre-sentence report also indicates that Mr. Mace has wrongfully chosen to engage in drug use of cocaine and marijuana. He has provided in the pre-sentence report that he has been a user for over 15 years.  The last three years have been the breaking point when the addiction

became unbearable for him. While Mr. Mace is not contesting that he is responsible for transporting the stolen items, he wants to make the court aware that he did so in order to obtain the money to support his addiction. His crimes were not maliciously planned events to hurt others but rather the only means that Mr. Mace could conceive would be possible to obtain and finance 1,000 dollar a week habit. This is the underlying issue that needs to be resolved and Mr. Mace is fully aware and accepting of this. With much reflection and regret, Mr. Mace has acknowledged he has a problem and knows he needs help. He has expressed to defense counsel time and again that he wants to get clean.

 4. Therefore, in light of the aforementioned, Mr. Mace asks specifically the court to include, as part of its sentence, to include him in the Comprehensive 500 Hour Drug Treatment Program with the Department of Corrections in Federal Penitenary. The program consists of residential and non residential self-help group programs. This will allow him ample time and support to break his dependence on these substances. Mr. Mace promises great dedication and states he will work to the best of his ability with regards to this program. He will be given the chance to start over at the completion of these required programs and furthermore learn skills to be a productive member of society.

 5. With such a strong drug addiction, comes physical consequences. When first incarcerated Mr. Mace complained of "hearing voices". Since then, Mr. Mace has undergone an extensive psychological evaluation and he was diagnosed with drug induced schizophrenia as he explained in the pre-sentence report. According to his psychologist, this is a normal reaction to such a strong dependence and indicates just how pervasive the problem is that it would go to the extent of inducing auditory hallucinations.

 6. Alongside the drug treatment program, Mr. Mace has the support of loving friends and

family, who want nothing more than for him to be on the straight and sober path in life. This includes his mother, Willie Mae Mace, who has expressed in the pre-sentence report that out of her four children, Mr. Mace is the "one who will spend quality time with her" while she is in her elderly age and has recently been very ill. As a result of incarceration, Mr. Mace has experienced a great amount of guilt from not being able to provide the necessary assistance and care for his mother. Mr. Mace expressed to her that he was experiencing psychological difficulties and Ms. Mace feels that it is imperative that her son receives this treatment in order to conquer his addiction.

      7. In addition to Mr. Mace's mother, he also has several friends, whose letters are included, that will support the veracity of Mr. Mace's character. Monica Washington, a long-time friend, considers Mr. Mace a confidant and assures the court that he helps with his mother and aunt on a regular basis as she expresses in her attached letter. Ms. Marie Phelps (Ms. MP as indicated in her letter) has known Mr. Mace for over 20 years and recognizes that he has "fallen down" but more importantly "has family who stands by him and friends as well" that will be there when he is released. They assured this counsel numerous times that they would do what they could to assist Mr. Mace in the recovery process.

      8. Also attached is a letter from Ms. Deborah Jackson. She comments on how reliable Mr. Mace is for helping out the family and that he is a "kind, gentle and caring person, who has always been committed to learning". The learning that would take place in drug treatment would truly allow him to uncover his strengths and control his desires for dependant substances. Ms. Jackson addresses that Mr. Mace has a plan for the future which includes pursuing his passion for starting his own business which would include one day owning a hair salon. This shows how intensely Mr. Mace has contemplated his actions and how he is going to provide for himself and

his family upon release.

    9. Mr. Mace plans to be financially responsible. He understands the importance of obtaining employment and providing physically and financially for the family member in his care. In the past, he has paid voluntary child support for two children for some time now and currently understands the restitution amount he is faced with at sentencing. As expressed numerous times, Mr. Mace acknowledges his wrongdoing and intends to repay his debts in full. He is certain that he will obtain work upon release and has numerous plans for rehabilitation.

    10. While being already incarcerated for about a year, Mr. Mace has already made an attempt to get his life on the right path. He has completed two classes: Employment Techniques, Awareness, and Preparation Program and also a Life Skills class. The first of which was an intensive 60 day program and the second was a 90 day class. With the help of these classes, he has started a plan for the future. He has friends and family such as his mother and Mrs. Jackson that are there to provide him housing and support upon release. He has done research and began undertaking plans to provide financially and emotionally for his family in return. He understands the requirements of being a productive part of our society. An extensive jail sentence will not teach him the lessons he has not already concluded. With treatment, Mr. Mace will successfully overcome his addiction and implement his plans into action upon release.

    11. Based on the aforementioned information, the defendant, by and through counsel, would respectfully request the court to impose a sentence at the low end of the guidelines which would indicate 41 months. The defendant would ask that he is placed in the Comprehensive Drug Treatment Program as a condition of his sentence. This counsel would also ask that Mr. Mace receive credit for his almost already a year that he has served since arrest last March and to deem whatever amount of probation appropriate in order to prove to the court that Mr. Mace will

uphold his end of commitment by meeting those conditions of release.

                              Respectfully Submitted,

                              Todd S. Baldwin, Esq.
                              Attorney for the Defendant
                              D.C. Bar No.:439947
                              BALDWIN, MOLINA & ESCOTO
                              806 7th Street N.W. Suite 301
                              Washington, D.C. 20001
                              (202) 898-4700

_____

## **CERTIFICATE OF SERVICE**

_____I HEREBY CERTIFY that a copy of the foregoing motion was faxed/mailed to the Assistant United States Attorney Julieanne Himelstein at 555 Fourth Street, N.W. Washington, D.C. 20530 on this 7th day of March 2007.

                              _____
                              Todd S. Baldwin, Esq.